TROUTMAN PEPPER HAMILTON SANDERS LLP
Jessica Lohr, Bar No. 302348
jessica.lohr@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: 858.509.6044
Facsimile:  858.509.6040

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILAH RANDOLPH,<br><br>      Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>      Defendant. | Case No.: **'21CV197  BEN LL**<br><br>**NOTICE OF REMOVAL** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Pursuant 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Navy Federal Credit Union ("Navy Federal"), hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, and states as follows for its Notice of Removal. Removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## I. INTRODUCTION

1. On December 14, 2020, Jamilah Randolph ("Plaintiff") filed a Complaint against Navy Federal in the Superior Court of the State of California,

County of San Diego styled *Jamilah Randolph v. Navy Federal Credit Union*, Case No. 37-2020-00045726-CU-MC-CTL (the "State Court Action").

2. Plaintiff provided Navy Federal with a copy of the Complaint, Summons and Notice and Acknowledgement of Receipt by electronic mail. On January 4, 2021, Navy Federal executed and returned the Notice and Acknowledgement of Receipt to Plaintiff, which constitutes the date of service pursuant to Cal. Code Civ. P. 415.30.

3. In the Complaint, Plaintiff alleges causes of action for violations of §§ 1788 *et seq.* of the Rosenthal Act Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 *et seq*, for violations of §§ 1798.92 *et seq* of California's Identity Fraud Statute ("CITA"), Cal. Civ. Code §§ 1798.92 *et seq*, and for violations of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 *et seq*. For these alleged violations, Plaintiff seeks statutory damages, actual damages, a civil penalty, treble damages, punitive damages, injunctive relief, as well as costs and attorneys' fees.

4. Navy Federal denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief can be granted, and denies that Plaintiff has been damaged in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction because Plaintiff is a citizen of California, Navy Federal is a citizen of Virginia, and Plaintiff asserts claims for damages in excess of $75,000.

## II. GROUNDS FOR REMOVAL

5. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a)(1), which provides that the district court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As demonstrated in more detail below: (1) Plaintiff's citizenship is diverse from that of

- 2 -

NOTICE OF REMOVAL

Navy Federal; and (2) the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Plaintiff's Complaint states that "Plaintiff is a natural person who resides in the City and County of San Diego, State of California." Compl. ¶ 13. These allegations serve as prima facie evidence that Plaintiff is domiciled in California. *See Banga v. Equifax Info. Servs. LLC*, No. 14-cv-03038, 2014 WL 4954677, at *2 (N.D. Cal. Oct. 2, 2014) ("The notice of removal's allegation that Banga resides in California, combined with Banga's own assertions that she is a California resident and that diversity of citizenship exists between the parties, is sufficient to show that Banga is domiciled in California."); *Bergman v. Bank of Am.*, No. 13-cv-00741-JCS, 2013 WL 5863057, at *1 n.2 (N.D. Cal. Oct. 23, 2013) ("A party's residence is prima facie evidence of domicile." (internal citations omitted)); *Zavala v. Deutsche Bank Trust Company Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("[T]he complaint indicates that Zavala resides in California . . . In the absence of evidence to the contrary, Zavala is a California citizen for diversity purposes." (internal citation omitted)).

7. At all relevant times, Navy Federal was, and still is a federally chartered corporation headquartered in Virginia. *Navy Fed. Credit Union v. Ltd. Fin. Servs.*, LP, 972 F.3d 344 (4th Cir. 2020). Thus, for purposes of diversity jurisdiction, Navy Federal is a citizen of Virginia. *Id.*; *see also Lloyd v. Navy Fed. Credit Union*, 2019 U.S. Dist. LEXIS 89246, *13 (S.D. Cal. May 28, 2019).

8. As Plaintiff is a citizen of California and Navy Federal is a citizen of Virginia, there is complete diversity between the parties in this case.

9. Further, pursuant to 28 U.S.C. § 1446(c)(2)(B), removal of the State Court Action is proper because the amount in controversy exceeds $75,000. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001) ("A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied").

10. Although Navy Federal does not concede liability as to Plaintiff's claims, accepting Plaintiff's allegations as true, the case easily satisfies the amount in controversy requirement for removal of $75,000, exclusive of interest and costs.

11. In determining the amount in controversy, the Court should consider Plaintiff's demand for statutory damages, actual damages, civil penalties, treble damages, punitive damages, injunctive relief, and attorneys' fees. *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys' fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.").

12. Plaintiff's Complaint prays for relief in the form of unspecified actual damages, statutory damages in the amount of $1,000 pursuant to her claims brought under the Rosenthal Act, $30,000 in civil penalties pursuant to her claims brought under CITA, and an award of punitive damages of up to $5,000 for each alleged violation of the CCRAA. *See* Compl. ¶¶ 51, 54, 59, and Prayer for Relief. With respect to the alleged violations of the CCRAA, Plaintiff alleges that "each month of Defendant's unlawful credit reporting to each credit reporting agency constitutes a separate and actionable violation under Cal. Civ. Code § 1785.31(a)(1)(B)" and that she initially filed a fraud claim with Navy Federal in June 2017. *Id.* ¶¶ 27, 48. Accordingly, taking the allegations in the Complaint as true, Plaintiff seeks up to $5,000 in punitive damages for monthly credit reporting over an approximately three-and-a-half-year period, which in itself well exceeds the $75,000 threshold. *Id.* Additionally, Plaintiff has prayed for relief in the form of treble damages as to her claims brought under CITA and the CCRAA pursuant to Cal. Civ. Code § 3345. *Id.*, Prayer for Relief.

13. The above figures do not include attorneys' fees, which Plaintiff also seeks in this case. *See id.* Because the fees Plaintiff seeks are authorized by statute, the Court should also consider and aggregate an estimate of attorneys' fees to

- 4 -

1   determine the amount in controversy. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999-1000 (9th Cir. 2007), overruled on other grounds as recognized by *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013), ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); Cal. Civ. Code § 1788.30(c); Cal. Civ. Code § 1798.93(c)(5); Cal. Civ. Code § 1785.31(a)(1).

14. Although attorneys' fees cannot be precisely calculated, when viewed in combination with alleged actual, statutory, civil penalty, and punitive damages requested, this matter easily meets the jurisdictional minimum for amount in controversy, exceeding $75,000.

### III.   COMPLIANCE WITH OTHER STATUTORY REQUIREMENTS

15. Pursuant to 28 U.S.C. § 1446(d), and concurrent with filing this Notice of Removal, Navy Federal will file a Notice of Filing Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and will attach a copy of this Notice of Removal thereto.

16. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are attached hereto as **Exhibit A**. Upon information and belief, no other process, pleadings, or orders have been served on Navy Federal.

17. Because Navy Federal was served on January 4, 2021, its removal is timely because it is within thirty (30) days of service of the Complaint, as is required by 28 U.S.C. § 1446(b)(1).

18. There are no co-defendants in this matter. Thus, Navy Federal is not required to obtain consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

19. Removal to the present venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending. Specifically, Plaintiffs filed

this action in the Superior Court for the State of California, County of San Diego, (*see* **Exhibit A**), which is embraced within the Southern District of California. Therefore, this action may be removed to this Court.

## IV. RESERVATION OF RIGHTS

20. By removing the case to this Court, Navy Federal does not waive any defenses, objections, or motions available to them under the applicable law. In particular, Navy Federal expressly reserves the right to move for dismissal pursuant to Fed. R. Civ. P. 12.

21. Navy Federal also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Navy Federal expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. §§ 1332, Defendant Navy Federal Credit Union hereby removes this action from Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California and seeks whatever further relief this Court deems equitable and just.

Dated: February 2, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Jessica R. Lohr
Jessica Lohr
Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

## PROOF OF SERVICE

I, Erika K. Schmidt, declare:

I am a citizen of the United States and employed in San Diego County, CA. I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, CA 92130-2092.

On February 2, 2021, I served the following document(s) described as:

## NOTICE OF REMOVAL

☒ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Diego, CA in the ordinary course of business.

☐ **BY ELECTRONIC MAIL**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

| |
|---|
| Yana A. Hart<br>Alan Gudino<br>Kazerouni Law Group, APC<br>2221 Camino Rel Rio South, Suite 101<br>San Diego, CA 92108<br>(619) 233-7770<br>yana@kazlg.com<br>alan@kazlg.com<br>Attorneys for Plaintiff Jamilah Randolph |

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on February 2, 2021, at San Diego, CA.

_____
Erika K. Schmidt