**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMILAH RANDOLPH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>　　　　　Defendant. | Case No.: 3:21-cv-00197-BEN-LL<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND TIME FOR DEFENDANT TO RESPOND TO COMPLAINT**<br><br>**[ECF No. 3]** |

**I.   INTRODUCTION**

Plaintiff JAMILAH RANDOLPH ("Plaintiff") brings this action Defendant NAVY FEDERAL CREDIT UNION ("Defendant") arising out of Defendant's alleged attempts to unlawfully collect a fraudulent debt allegedly owed by Plaintiff, including by furnishing inaccurate information to credit reporting agencies. ECF No. 1-2 at 5,[1] ¶ 4.

Before the Court is the Joint Motion to Extend Time for Defendant to Respond to the Complaint (the "Joint Motion"). ECF No. 3. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

/ / /

/ / /

---

[1]   Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that after she entered into an agreement on January 4, 2017, to purchase a 2005 Bentley Continental from a private seller in exchange for payment of $17,870.00, the seller never provided her with the vehicle but retained her funds. ECF No. 1 at 7, ¶ 21 - 8, ¶ 25. Although the seller was indicted and Plaintiff filed a fraud claim with both the DMV and Defendant, Defendant refused to validate the fraud claim and continued to demand that Plaintiff pay the allegedly fraudulent debt. *Id.* at 8, ¶¶ 31-32.

### B. Procedural History

On December 14, 2020, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California County of San Diego alleging three causes of action for violations of (1) the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §§ 1788 *et seq.*; (2) California's Identity Fraud Statute, CAL. CIV. CODE §§ 1798.92 *et seq.*; and (3) the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE §§ 1785.1 *et seq.* ECF No. 1 at 1:27-2:13.

On February 2, 2021, Plaintiff and Defendant filed a Joint Motion seeking to extend Defendant's deadline to file a responsive pleading from February 9, 2021 to February 23, 2021. ECF No. 3 at 1-9.

## III. LEGAL STANDARD

Rule 81 of the Federal Rules of Civil Procedure requires that after removal, a defendant who has not yet filed a responsive pleading must do so within the longer of either "(1) 21 days of receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (2) 21 days after being served with the summons for an initial pleading on file at the time of service, or (3) 7 days after the notice of removal is filed." Pursuant to the Local Rules, "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good case." S.D. Cal. Civ. R. 12.1. Thus, "[i]n the Southern District, court approval is required for *any* extension of time to answer

or move to dismiss the complaint." Phillips, Virginia A., et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020).

IV. **ORDER**

The parties indicate that the purpose of the extension is to provide Defendant with additional time to investigate the allegations in the Complaint as well as to facilitate preliminary settlement discussions. ECF No. 3 at 4-8. The Court finds good cause exists for the extension. Thus, the Court **GRANTS** the Joint Motion. Defendant shall have until February 23, 2021 to respond to the complaint.

**IT IS SO ORDERED.**

DATED:   February 5, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge