**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMILAH RANDOLPH,<br><br>                    Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>                    Defendant. | Case No.: 3:21-cv-00197-BEN-LL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO DISMISS AS MOOT**<br>**(2) GRANTING JOINT MOTION TO DISMISS**<br><br>**[ECF Nos. 5, 7]** |

**I.    INTRODUCTION**

Plaintiff JAMILAH RANDOLPH ("Plaintiff") brings this action against Defendant NAVY FEDERAL CREDIT UNION ("Defendant") arising out of Defendant's attempts to unlawfully collect a fraudulent debt allegedly owed by Plaintiff, including by furnishing inaccurate information to credit reporting agencies. ECF No. 1-2 at 5,[1] ¶ 4.

Before the Court are (1) Defendant's Motion to Dismiss, ECF No. 5, and (2) Plaintiff and Defendant's Joint Motion for Dismissal *Without Prejudice*, ECF No. 7 (the "Joint Motion"). After considering the papers submitted, supporting documentation, and applicable law, the Court (1) **DENIES** Defendant's Motion to Dismiss as moot and (2)

---

[1] Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

**GRANTS** the Joint Motion.

## II.  BACKGROUND

### A.  Statement of Facts

Plaintiff alleges that after she entered into an agreement on January 4, 2017, to purchase a 2005 Bentley Continental from a private seller in exchange for payment of $17,870.00, the seller never provided her with the vehicle but retained her funds. ECF No. 1 at 7, ¶ 21 - 8, ¶ 25. Although the seller was indicted and Plaintiff filed a fraud claim with both the DMV and Defendant, Defendant refused to validate the fraud claim and continued to demand that Plaintiff pay the allegedly fraudulent debt. *Id.* at 8, ¶¶ 31-32.

### B.  Procedural History

On December 14, 2020, Plaintiff filed a Complaint against Defendant in the San Diego Superior Court, alleging three causes of action for violations of (1) the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §§ 1788 *et seq.*; (2) California's Identity Fraud Statute, CAL. CIV. CODE §§ 1798.92 *et seq.*; and (3) the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE §§ 1785.1 *et seq.* ECF No. 1 at 1:27-2:13.

On February 23, 2021, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 5. However, on March 20, 2021, both parties filed a Joint Motion for Dismissal *Without Prejudice*, seeking to dismiss all claims against Defendant pursuant to Rule 41(a)(1)(ii), with each party bearing that party's own attorney's fees and costs. ECF No. 7.

## III.  LEGAL STANDARD

If a plaintiff wants to dismiss a case without a court order, the plaintiff may do so pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure ("Rule 41(a)(1)"), "by filing" either (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or (2) "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1). Where a plaintiff does not proceed by filing a notice or stipulation of dismissal, "an action may be dismissed at the plaintiff's

request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

## IV. ORDER

In this case, the parties filed a "Joint Motion," but that the Joint Motion seeking dismissal of this case was brought pursuant to Rule 41(a)(1), which does not require a court order for dismissal of a case. As such, the parties should have filed a Notice or Stipulation of Dismissal. However, having read and considered the Joint Motion submitted by Plaintiff and Defendant, and good cause appearing, the Joint Motion is **GRANTED** as follows:

1. Plaintiff's claims against Defendant are dismissed in their entirety as to all claims for relief *without prejudice* pursuant to Rule 41(a)(1)(ii).

2. In light of the dismissal, Defendant's Motion to Dismiss is **DENIED** as moot. *See, e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A]n issue is moot when deciding it would have no effect within the confines of the case itself.").

3. Each party is to bear that party's own costs, fees, and expenses.

4. *The Clerk of the Court is directed to close this case.*

**IT IS SO ORDERED.**

DATED: March 26, 2021

**HON. ROGER T. BENITEZ**
United States District Judge